25 F.3d 1042
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Al Malik Sharief Kareem WRIGHT, Defendant-Appellant.
 No. 93-5608.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 3, 1994.
Decided May 25, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Spartanburg. William B. Traxler, Jr., District Judge. (CR-92-408-7)
 John D. (Jay) Elliott, Columbia, SC, for appellant.
 J. Preston Strom, Jr., U.S. Atty., David C. Stephens, Asst. U.S. Atty., Greenville, SC, for appellee.
 D.S.C.
 AFFIRMED.
 Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Al Malik Wright appeals from the sentence imposed by the district court after his plea of guilty to the charge of possession with intent to distribute cocaine base. He contends that his plea was invalid, that the court made inadequate findings regarding his plea, and that he was erroneously sentenced as a career offender. He requests resentencing or to withdraw his plea. We affirm.
 
 
 2
 Wright pled guilty to possession with intent to distribute approximately four grams of crack cocaine in violation of 21 U.S.C. Sec. 841(a)(1) (1988). Under the terms of the oral plea agreement stated on the record, the government agreed to dismiss the count charging conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base in violation of 21 U.S.C.Sec. 846 (1988). The government further agreed that Wright should be entitled to a three-point reduction for acceptance of responsibility. There was no agreement as to the amount of drugs to be considered as relevant conduct or as to Wright's role in the offense, and the government reserved the right to argue that Wright should be sentenced as a career offender. The agreement capped Wright's sentence at twenty years. Wright agreed that the stated terms completely and accurately stated the plea agreement as he understood it.
 
 
 3
 After making the findings required by Fed.R.Crim.P. 11, the court accepted Wright's plea, finding that it was knowingly and voluntarily entered. A presentence report was prepared, classifying Wright as a career offender, assigning a four-level enhancement for Wright's leader or organizer role in the offense, and attributing four grams of cocaine to Wright without any consideration of relevant conduct. Wright objected to the adjustment for role in the offense and to his classification as a career offender. The government objected to the probation officer's failure to consider relevant conduct in determining Wright's base offense level. A second presentence report was prepared, attributing in excess of 500 grams of cocaine base to Wright as relevant conduct. Wright objected to this.
 
 
 4
 After hearing testimony from an investigating officer, the court found that the government proved by a preponderance of the evidence that the amount of crack cocaine properly attributable to Wright was 672 grams. Wright argued that the plea agreement limited his exposure to the four grams to which he pled; however, Wright did not wish to withdraw his plea.
 
 
 5
 On the issue of classification as a career offender, Wright argued that his two prior state convictions were related because they were informally consolidated. He noted that the plea on the second charge occurred on the same day as the sentencing on the first charge and that the probation sentences were run concurrently with each other. Wright argued that because the sentences were concurrent, the charges ought to be treated as one offense under the guidelines; therefore, he was not a career offender. The government argued that the offenses were separated by an intervening arrest, and therefore could not be treated as one offense. The court noted that the commentary set forth the general rule that offenses are not related if separated by an intervening arrest, and the exception that the offenses are treated as related if they were consolidated for sentencing. Finding that Wright was correctly classified as a career offender, the court adopted the presentence report and sentenced Wright to 240 months imprisonment, five years of supervised release, and a special assessment of $50. Wright appealed.
 
 
 6
 After counsel filed a brief on Wright's behalf, Wright moved for leave to file a pro se supplemental brief. Because the issues in Wright's proposed brief are adequately addressed by counsel, we deny Wright leave to file his supplemental brief.
 
 
 7
 Wright's plea was knowing and voluntary.
 
 
 8
 Wright contends that his guilty plea was induced by his belief that his sentence would be computed with reference to only the four grams of cocaine base to which he pled. He argues that the plea agreement was ambiguous with respect to relevant conduct and seeks resentencing in accordance with his understanding of the agreement. In the alternative, Wright wishes to withdraw his plea.
 
 
 9
 To be valid, a guilty plea must be knowingly and voluntarily entered. Fed.R.Crim.P. 11; Boykin v. Alabama, 395 U.S. 238, 242 (1969). In addressing this issue at sentencing, after Wright stated that he did not wish to withdraw his plea, see United States v. Conner, 930 F.2d 1073 (4th Cir.), cert. denied, 60 U.S.L.W. 3359 (U.S.1991), the court determined that the ambiguity was not created by the plea agreement; rather, it was based upon Wright's reliance upon the initial presentence report. In the initial presentence report, the probation officer believed that the government had limited Wright's exposure to the amount of cocaine to which he pled. This belief was mistaken. During its recitation of the terms of the plea, the government stated: "There will be a question for the court to determine as to relevant conduct as to the amount of drugs that he was associated with. We have no agreement on that."
 
 
 10
 Wright acknowledged that the terms stated on the record accurately and completely reflected his understanding of the plea agreement. Because this agreement included the statement that the sentencing court would determine the amount of drugs considered as relevant conduct, we find that Wright's plea was knowingly and voluntarily entered and it was not induced by a promise to limit his involvement to four grams of cocaine base. See United States v. DeFusco, 949 F.2d 114, 119 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992); Via v. Superintendent, Powhatan Correctional Ctr., 643 F.2d 167, 171 (4th Cir.1981).
 
 
 11
 The district court properly conducted the Rule 11 colloquy.
 
 
 12
 Section 6B1.2(a) of the guidelines* provides that when a plea agreement includes the dismissal of charges, "the court may accept the agreement if the court determines, for reasons stated on the record, that the remaining charges adequately reflect the seriousness of the actual offense behavior and that accepting the agreement will not undermine the statutory purposes of sentencing or the sentencing guidelines." U.S.S.G. Sec. 6B1.2(a). Wright contends that the district court did not make such a finding on the record and his plea was defective.
 
 
 13
 Section 6B1.2(a) requires the court to state that the plea conforms to the purposes of sentencing and the policies of the sentencing guidelines. U.S.S.G. Sec. 6B1.2(a). There is no requirement that the court advise the defendant that dismissed charges may be considered as relevant conduct for sentencing. We find that the failure to explicitly state that acceptance of the plea conforms to the purposes of sentencing and the guidelines was harmless error. See United States v. Olano, 61 U.S.L.W. 4421, 4424 (U.S.1993); DeFusco, 949 F.2d at 117. Wright acknowledged that he faced a maximum sentence of twenty years imprisonment and that the plea agreement included the fact that the court would determine the amount of drugs that would be charged as relevant conduct for purposes of sentencing. The court's failure to state for the record that acceptance of Wright's plea and dismissal of the conspiracy count conformed to the purposes of sentencing and the guidelines did not affect Wright's substantial rights.
 
 
 14
 Wright was properly sentenced as a career offender.
 
 
 15
 To be sentenced as a career offender, the defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. Sec. 4B1.1. Section 4A1.2, application note 3, explains that prior sentences are not related if they were imposed for offenses which were separated by an intervening arrest. Otherwise, prior sentences are considered related if they resulted from offenses that were consolidated for trial or sentencing. U.S.S.G. Sec. 4A1.2, comment (n.3).
 
 
 16
 Wright was arrested on the first state charge of possession with intent to distribute on October 11, 1989. His arrest for the second state charge of possession with intent to distribute occurred on April 20, 1990, for a crime committed on that day. Wright's state sentences were separated by an intervening arrest, therefore the offenses were unrelated. U.S.S.G. Sec. 4A1.2, comment (n.3); see United States v. Gallegos-Gonzalez, 3 F.3d 325, 327-28 (9th Cir.1993); United States v. Woods, 976 F.2d 1096, 1102 (7th Cir.1992) ("[I]f the criminal conduct is separated by arrests, the ensuing convictions are never considered related even if consolidated for trial or sentencing."). Because Wright had "at least two prior felony convictions of [ ] a controlled substance offense" he was properly sentenced as a career offender. U.S.S.G. Sec. 4B1.1.
 
 
 17
 For the foregoing reasons, we affirm Wright's conviction and sentence and deny leave to file a supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 18
 AFFIRMED.
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual, Sec. 6B1.2(a) (Nov.1992)