Benito JIMINIAN, Petitioner–
Appellant,

v.

John NASH, Warden FCI Ray Brook,
Respondent–Appellee.

Docket No. 00–3758.

United States Court of Appeals,
Second Circuit.

Submitted Jan. 8, 2001.

Decided April 2, 2001.

Benito Jiminian, pro se, Ray Brook, NY, for petitioner-appellant.

No Appearance for respondent-appellee.

Before: VAN GRAAFEILAND, WINTER, and SOTOMAYOR, Circuit Judges.

SOTOMAYOR, Circuit Judge:

On December 11, 2000, Benito Jiminian, *pro se,* applied pursuant to 28 U.S.C. § 2244 for an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In his application, Jiminian conceded that he had a prior § 2255 motion dismissed on the merits and that he could not meet the Antiterrorism and Effective Death Penalty Act's ("AEDPA") certification require-ments for filing a second or successive § 2255 motion. Nonetheless, Jiminian sought to have his case remanded to the district court with instructions that the court consider his present claim under 28 U.S.C. § 2241 on the ground that, if he were not allowed to proceed under § 2241, the AEDPA's gate-keeping requirements would be unconstitutional as applied to his case. We denied Jiminian's application in an order filed January 11, 2001. *See* 28 U.S.C. § 2244(b)(3)(D) (requiring the courts of appeals to grant or deny authori-zation to file a second or successive § 2255

motion "not later than 30 days after the filing of the motion"). We also stated that this opinion would follow.

This opinion considers whether § 2255 may be deemed to offer an "inadequate or ineffective" remedy within the meaning of 28 U.S.C. § 2255, ¶ 5, thereby allowing a federal prisoner to file a habeas corpus petition pursuant to 28 U.S.C. § 2241(c)(3), where a prisoner who had a prior § 2255 motion dismissed on the merits and cannot meet the AEDPA's gate-keeping require-ments seeks to raise a claim that was available in a prior § 2255 motion. We conclude that § 2255 cannot be deemed inadequate or ineffective under such cir-cumstances. We further hold that when a federal prisoner who has already had a § 2255 motion dismissed on the merits at-tempts to use § 2241 to raise claims that could have been raised in a prior § 2255 motion, district courts should construe the petition as a second or successive § 2255 motion and transfer it to this Court for certification. Finally, we hold that autho-rization to file a second or successive § 2255 motion is not available under the circumstances presented in Jiminian's ap-plication.

## BACKGROUND

In June 2000, prior to filing the present application, Jiminian filed a § 2241 petition for habeas corpus in the United States District Court for the Northern District of New York challenging his sentence of 293 months' imprisonment for his 1990 convic-tion for various drug offenses. Jiminian argued in that petition that his sentence was imposed in violation of 18 U.S.C. § 3553(c)(1) because the court failed to state, on the record, the reasons for impos-ing a sentence at the high end of the applicable United States Sentencing Guidelines ("Guidelines") range. The court transferred the petition to the Unit-

ed States District Court for the Southern District of New York (Mukasey, C.J.) which, for reasons that Jiminian disputes, construed the petition as a second or successive § 2255 motion. Pursuant to the procedure set forth in *Liriano v. United States*, 95 F.3d 119 (2d Cir.1996), the district court transferred the petition to this Court for authorization and we instructed Jiminian to file the present application.

On December 11, 2000, pursuant to this Court's instructions, Jiminian filed the present application seeking leave to file a second or successive § 2255 motion raising his § 3553(c)(1) claim. In his application, Jiminian conceded that he had earlier filed a § 2255 motion in the Southern District of New York challenging the same conviction and sentence, and that the district court had dismissed that motion on its merits. Jiminian also conceded that the § 3553(c)(1) claim raised in his application does not satisfy the AEDPA's gate-keeping standard for second or successive § 2255 motions. Nonetheless, he sought a remand to the district court with instructions that the court consider his claim under § 2241 on the ground that if he were not allowed to proceed under § 2241, the AEDPA's gate-keeping requirements would be unconstitutional as applied to his case.

## DISCUSSION

As amended by the AEDPA, § 2255 includes a gate-keeping provision that limits the filing of second or successive § 2255 motions as follows:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255, ¶ 8. The problem Jiminian faces is that he is presently barred from filing a § 2255 motion because, as he concedes, he has already had a prior § 2255 motion dismissed on the merits and he cannot meet the AEDPA's gate-keeping requirements. Recognizing this predicament, Jiminian filed a § 2241 petition in the district court, rather than filing an application with this Court for authorization to file a second or successive § 2255 motion, as required by the procedures set forth in § 2255, ¶ 8 and 28 U.S.C. § 2244(b). The district court construed Jiminian's § 2241 petition as a second or successive § 2255 motion and transferred it to this Court for authorization. Jiminian then filed the present application in which he seeks a remand to the district court with instructions to consider his § 3553(c)(1) claim pursuant to § 2241 on the ground that a failure to permit review of his claim would render the AEDPA's gate-keeping requirements unconstitutional as applied to his case. We must determine whether Jiminian may proceed under § 2241 under these circumstances.

A motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions. *See Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir. 1997) (articulating instances where a federal prisoner may properly file a § 2241 petition). In contrast, § 2255 is generally

the proper vehicle for a federal prisoner's challenge to his conviction and sentence, as it encompasses claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255, ¶ 1. In his § 2241 petition, Jiminian challenged the sentencing court's failure to articulate reasons for the imposition of a sentence at the high end of the Guidelines range, a claim properly raised in a § 2255 motion.

However, because § 2241(c)(3) allows federal courts to entertain habeas corpus petitions from federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States," it would appear to cover Jiminian's claim. Despite this apparent overlap between § 2255 and § 2241(c)(3), we have previously stated that, as a general rule, federal prisoners must use § 2255 instead of § 2241(c)(3) to challenge a sentence as violating the Constitution or laws of the United States. *See Triestman v. United States,* 124 F.3d 361, 373 (2d Cir.1997). Jiminian attempts to evade this general rule by relying on the exception in the last clause of § 2255 which permits the filing of a § 2241 petition when § 2255 provides an inadequate or ineffective remedy to test the legality of a federal prisoner's detention. *See* 28 U.S.C. § 2255, ¶ 5. Section 2255 provides in relevant part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy

by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; *see also Triestman,* 124 F.3d at 373.

In *Triestman,* we held that § 2255 may be inadequate or ineffective in circumstances in which "the petitioner cannot, for whatever reason, utilize § 2255, and in which the failure to allow for collateral review would raise serious constitutional questions." 124 F.3d at 377. We found the first criterion met because Triestman, like Jiminian, previously had a § 2255 motion dismissed on the merits and the claim of actual innocence he raised pursuant to *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) satisfied neither of the AEDPA's gate-keeping requirements for second or successive § 2255 motions. *Id.* at 372. We also found the second criterion met, holding that because Triestman could not have raised his actual innocence claim in his initial § 2255 motion, "serious Eighth Amendment and due process questions would arise" if Triestman were foreclosed from seeking collateral review of his actual innocence claim. *Id.* at 380. Unlike Triestman, however, Jiminian cannot satisfy the second *Triestman* criterion. The § 3553(c)(1) claim Jiminian seeks to raise was previously available to him, and thus failure to permit review of that claim would not "raises serious constitutional questions." *Id.* at 377.

Jiminian's claim does have the virtue, however, of providing us with an opportunity to make explicit an implicit corollary of our holding in *Triestman:* We now hold that § 2255 is not inadequate or ineffective, such that a federal prisoner may file a § 2241(c)(3) petition, simply because a prisoner cannot meet the AEDPA's gate-keeping requirements, provided that the claim the prisoner seeks to raise was previously available on direct appeal or in a

prior § 2255 motion. *Cf. Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir.2000) (*per curiam*) (holding that a prior unsuccessful § 2255 motion does not render § 2255 inadequate or ineffective); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir.1999) (*per curiam*), *cert. denied*, 528 U.S. 1178, 120 S.Ct. 1214, 145 L.Ed.2d 1115 (2000) (rejecting claim that § 2255 is inadequate or ineffective merely because federal prisoner's § 2255 motion is procedurally barred); *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir.1999) (holding that § 2255 is not inadequate or ineffective where a prisoner is procedurally barred from raising a claim in a § 2255 motion); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997) (finding that § 2255 is not ineffective or inadequate where a federal prisoner is unable to obtain relief under § 2255 or is procedurally barred from filing a § 2255 motion); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (holding that the failure to obtain relief under § 2255 does not render that provision inadequate or ineffective).

■ Applying this rule to Jiminian's request for a remand to the district court with instructions to consider his § 3553(c)(1) claim pursuant to § 2241(c)(3), we conclude that such a remand is unwarranted. Because Jiminian could have raised this claim in his prior § 2255 motion, the mere fact that he is now unable to meet the AEDPA's gate-keeping requirements does not render § 2255 an inadequate or ineffective vehicle for presentation of that claim.

■ For the reasons discussed, we also hold that when presented with a § 2241 petition raising previously available claims appropriately the subject of a § 2255 motion, district courts should construe the petition as a second or successive § 2255 motion and transfer it to this Court for certification, so long as the prisoner had a prior § 2255 motion dismissed on the mer-

its. *See* 28 U.S.C. § 2244(a); *see also Triestman*, 124 F.3d at 373 n. 17 (noting that the AEDPA limits second and successive § 2241 petitions brought by federal prisoners). By construing an improperly labeled " § 2241 petition" as a second or successive § 2255 motion, courts preserve the right of federal prisoners to file a proper § 2241 petition. We note that this procedure should only apply where the prisoner has had a prior § 2255 motion dismissed on the merits.

In *Adams v. United States*, 155 F.3d 582, 584 (2d Cir.1998) (*per curiam*), we prohibited district courts from converting a post-conviction motion into a § 2255 motion without giving the prisoner notice and an opportunity to withdraw the motion. We did so because the AEDPA's limitations on the filing of second or successive § 2255 motions favored providing the prisoner with notice of the intended conversion and the opportunity to add additional claims to that motion or withdraw the motion entirely. *Id.* at 583–84. *Adams* continues to apply where a federal prisoner has not yet filed a § 2255 motion. We now hold, however, that the concerns raised in *Adams* do not apply to a federal prisoner, like Jiminian, who has previously had a § 2255 motion dismissed on the merits because, under such circumstances, the federal prisoner is already subject to the AEDPA's gate-keeping requirements. Accordingly, district courts may construe § 2241 petitions such as Jiminian's as second or successive § 2255 motions without providing the movant with notice and an opportunity to withdraw the motion.

Applying these holdings to the district court's decision to construe Jiminian's § 2241 petition as a second or successive § 2255 motion and transfer it to this Court for authorization, we conclude that, because Jiminian's § 3553(c)(1) claim is one that is properly raised in a § 2255 motion

and because Jiminian already had a § 2255 motion dismissed on the merits, that decision was proper.

Having concluded that the district court properly construed Jiminian's § 2241 petition as a second or successive § 2255 motion and transferred it to this Court for authorization, we deny authorization. Jiminian's application fails to allege either "newly discovered evidence" or "a new rule of constitutional law" within the meaning of § 2244(b) and therefore is barred under the AEDPA. *See* 28 U.S.C. § 2255, ¶ 8; 28 U.S.C. § 2244(b)(3)(C).

## CONCLUSION

Accordingly, Jiminian's application for an order authorizing the district court to consider a second or successive § 2255 motion is denied.