**Al–Malik WRIGHT, Petitioner–Appellant,**

v.

**John NASH, Warden, Respondent–Appellee.**

No. 02–2436.

United States Court of Appeals, Second Circuit.

Jan. 6, 2004.

Al–Malik Wright, Ray Brook, NY, for Appellant, pro se.

Barbara D. Cottrell, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the brief), Albany, NY, for Appellee.

PRESENT: OAKES, SOTOMAYOR, and WESLEY, Circuit Judges.

Petitioner-appellant Al–Malik Wright, *pro se,* appeals from an order and judgment of the United States District Court for the Northern District of New York (Kahn, J.), dismissing his petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, on the ground that Wright had not established that he was entitled to use § 2241 to challenge his conviction because 28 U.S.C. § 2255 was inadequate to address the legality of his detention.

In 1993, Wright pleaded guilty, in the District of South Carolina, to a charge of possession with intent to distribute crack cocaine. His conviction was affirmed by the Fourth Circuit on direct appeal. *See United States v. Wright,* 25 F.3d 1042 (4th Cir.1994) (unpublished table decision). Wright subsequently filed, in the District of South Carolina, a § 2255 motion to vacate his sentence, which the district court denied. The Fourth Circuit subsequently dismissed petitioner's appeal of the denial of his § 2255 motion because Wright had failed to file a timely notice of appeal. *See United States v. Wright,* 112 F.3d 512 (4th Cir.1997) (unpublished table decision) (*"Wright II"*).

Wright filed the instant § 2241 petition in the Northern District of New York in 2001, arguing that: (1) his guilty plea was invalid because the district court did not adhere to the requirements of Fed. R.Civ.P. 11; (2) he was induced to enter the guilty plea through the ineffective assistance of counsel; (3) he was sentenced based upon a drug quantity in excess of that contemplated in his plea agreement; and (4) his sentence was improperly enhanced. The district court dismissed Wright's petition, concluding that review of his conviction under § 2241 was not available in the absence of a showing that § 2255 review was inadequate or ineffective. The court also inferred that Wright had invoked § 2241 simply because he was unsuccessful in challenging his conviction either by appeal or through a § 2255 motion, because Wright presented the same arguments that he had raised on direct appeal of his conviction. Wright now appeals the district court's dismissal of his petition, arguing that he may take advantage of § 2255's savings clause, which provides that a petitioner may file a § 2241 petition if a § 2255 motion would be "inadequate and ineffective" to challenge the legality of his detention, and in the alternative, that the district court should have construed the petition as a second § 2255 motion and transferred it to this court. *See generally Jiminian v. Nash,* 245 F.3d 144, 148 (2d Cir.2001) (discussing transfer procedure).

A prisoner may challenge the legality of his federal conviction and sentence by filing a motion pursuant to § 2255, which is generally the only means to challenge the conviction itself. *See Roccisano v. Menifee*, 293 F.3d 51, 57 (2d Cir.2002). In contrast, the availability of § 2241 is generally limited to challenges to the execution, rather than the imposition, of a petitioner's sentence. *See, e.g., Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n. 5 (2d Cir.1991) (noting that challenge to conditions of confinement is properly brought under § 2241). Where a § 2255 motion is "inadequate or ineffective to test the legality of [the prisoner's] detention," however, such that "failure to allow for some form of collateral review would raise serious constitutional questions," a petitioner may invoke § 2241 in order to challenge the legality of his conviction and sentence. *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir.1997); *see* 28 U.S.C. § 2255 (providing in savings clause that "an application for a writ of habeas corpus" may be entertained by the district court if the § 2255 remedy is inadequate or ineffective).

▪ Wright cannot show that § 2255 is an inadequate or ineffective remedy in his case, and therefore may not avail himself of the § 2241 remedy. Section 2255 review is most likely no longer available to Wright because he has already filed one § 2255 motion and had it adjudicated and dismissed, and he does not assert that § 2255's gatekeeping rules would permit him to file a successive § 2255 motion on the basis of newly discovered evidence suggesting actual innocence or a new rule of constitutional law. *See* 28 U.S.C. § 2255 (barring successive § 2255 motions if the sentencing court has already denied the prisoner § 2255 relief). Thus, to the extent that Wright is asserting that § 2255 is inadequate in this case because its gatekeeping rules bar him from filing a suc-

cessive § 2255 motion, his argument is precluded by our holding that § 2255 "is not inadequate or ineffective, such that a federal prisoner may file a § 2241(c)(3) petition, simply because a prisoner cannot meet the AEDPA's gate-keeping requirements." *Jiminian*, 245 F.3d at 147. Nor does Wright's failure to prevail on his first § 2255 motion render that remedy inadequate or ineffective. *See Triestman*, 124 F.3d at 376.

▪ Moreover, the fact that Wright was unable to obtain appellate review of the District of South Carolina's dismissal of his § 2255 motion does not render the remedy inadequate or ineffective. After his § 2255 motion was adjudicated by the district court, Wright failed to file a notice of appeal until approximately seven months after the filing deadline. *Wright II*, 112 F.3d at 512. The Fourth Circuit affirmed the district court's denial of an extension of time in which to file his appeal, and dismissed the appeal for lack of jurisdiction. *Id.* Thus, Wright's procedural default prevented him from obtaining appellate review of his claims. Because Wright had an initial opportunity to have his habeas claims adjudicated, however, his forfeiture of his appeal is analogous to the other procedural defaults that preclude successive review of a petitioner's claims and, as we held in *Triestman* and *Jiminian*, do not render § 2255 inadequate or ineffective. *Triestman*, 124 F.3d at 376; *see also Jiminian*, 245 F.3d at 147–48 (citing denial of certification for a successive petition and failure to obtain relief under § 2255 as procedural bars that do not render § 2255 ineffective). Wright's default on appeal does not raise "serious constitutional questions," and therefore does not mandate that the § 2241 remedy remain available to him. *Jiminian*, 245 F.3d at 147 (quoting *Triestman*, 124 F.3d at 377).

▪ Because Wright has failed to establish the inadequacy or ineffectiveness of

§ 2255 to address the legality of his detention pursuant to his federal conviction and sentence, the district court correctly concluded that Wright may not avail himself of § 2241. *See Cephas v. Nash,* 328 F.3d 98, 104 (2d Cir.2003) (stating that where petitioner cannot satisfy the inadequate or ineffective standard, " § 2241 cannot be invoked, and the district court must either dismiss the habeas petition for lack of jurisdiction or recast it as a § 2255 motion"). Having made that determination, however, the district court should have construed the petition as a § 2255 motion, because Wright's claims are directed at the imposition of his sentence and are therefore appropriately raised in a § 2255 motion. *See Jiminian,* 245 F.3d at 148. Because Wright has had a previous § 2255 motion adjudicated on the merits, any successive § 2255 motion must be certified by the appropriate court of appeals before it may be considered on the merits. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255. Wright was convicted and sentenced in the District of South Carolina, so venue with respect to any successive § 2255 motion would lie with that court. *Id.* § 2255. The district court therefore should have transferred the petition to the Fourth Circuit Court of Appeals for consideration of whether it meets the gatekeeping requirements for successive motions, as provided in § 2255. *Jiminian,* 245 F.3d at 148 (holding that an improperly brought § 2241 petition should be construed as a successive § 2255 motion and transferred to the appropriate court of appeals).

For the foregoing reasons, the judgment of the district court is VACATED and the case is TRANSFERRED to the Fourth Circuit Court of Appeals for consideration as an application to file for habeas relief under 28 U.S.C. § 2255 para. 8.