Ryan NEWSOME, Petitioner–
Appellant,

v.

Michael NALLEY, Warden, FCI Ray
Brook, Respondent–Appellee.

No. 04–4248–PR.

United States Court of Appeals,
Second Circuit.

April 15, 2005.

Ryan Newsome, Petersburg, VA, for Appellant, pro se.

Glenn T. Suddaby, United States Attorney for the Northern District of New York (Elizabeth S. Riker, Assistant United States Attorney), Syracuse, NY, for Appellee, of counsel.

PRESENT: FEINBERG, SACK, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

Ryan Newsome, *pro se*, appeals from a judgment of the United States District Court for the Northern District of New York dismissing his 28 U.S.C. § 2241 petition. In 1995, Newsome was convicted in the United States District Court for the District of West Virginia of possession with intent to distribute and the distribution of cocaine base. In 1996, the Fourth

Circuit affirmed the judgment of conviction. Newsome moved in the United States District Court for the District of West Virginia for collateral relief under 28 U.S.C. § 2255. The district court denied the motion.

In 2002, while incarcerated at the Ray Brook Federal Correctional Institution, Newsome applied to the United States District Court for the Northern District of New York for collateral relief pursuant to 28 U.S.C. § 2241 on the grounds that his sentence was unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court dismissed the petition. Newsome appeals.

We review a district court's denial of a § 2241 petition *de novo. Maldonado v. Scully,* 86 F.3d 32, 35 (2d Cir.1996).

█ The district court properly concluded that it lacked jurisdiction to entertain the petition because Newsome was not challenging the execution of his sentence. *See* 18 U.S.C. § 2255; *Cephas v. Nash,* 328 F.3d 98, 103 (2d Cir.2003); *Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir.2001). While a prisoner may challenge the validity of his sentence or conviction under section 2241 in cases where section 2255 provides an "inadequate or ineffective" remedy, *see* 18 U.S.C. § 2255; *Jiminian,* 245 F.3d at 146, section 2255 is not "inadequate or ineffective" here.

"[Section] 2255 may be inadequate or ineffective in circumstances in which 'the petitioner cannot, for whatever reason, utilize § 2255, and in which the failure to allow for collateral review would raise serious constitutional questions.'" *Jiminian,* 245 F.3d at 147 (quoting *Triestman v. United States,* 124 F.3d 361, 377 (2d Cir. 1997)). Although section 2255 is not available to Newsome because he previously filed a section 2255 petition and his claims do not satisfy AEDPA's gate-keeping requirements for second or successive section 2255 petitions, *see* 18 U.S.C. § 2255; *Jiminian,* 245 F.3d at 146–47, we have previously held "that no 'serious constitutional question' is raised by confining [petitioner]'s *Apprendi* challenge to a section 2255 motion with its attendant gatekeeping provisions rather than permitting him to bring it as a section 2241 petition free of such limitations." *Love v. Menifee,* 333 F.3d 69, 73 (2d Cir.2003); *see also Jiminian,* 245 F.3d at 147. Accordingly, petitioner cannot avail himself of section 2241.

█ Newsome also asserted a claim of actual innocence based on the court's finding the quantity of the drugs at issue. Newsome claimed that the court thereby constructively amended the indictment. Newsome claims that he is innocent of the resulting amended charge. Newsome does not assert that he was innocent of the crime as it was actually charged. His claim that the judge impermissibly made factual findings goes to the validity of his sentence, and does not provide a basis for challenging his conviction.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.