**Ivor CONSTANTINE, Petitioner,**

v.

**IMMIGRATION, I.C.E., Respondent.**

**No. 06 Civ. 2472(VM).**

United States District Court,
S.D. New York.

Sept. 28, 2006.

Irvor Constantine, Philipsburg, PA, Pro se.

### *DECISION AND ORDER*

MARRERO, District Judge.

### I. *BACKGROUND*

Petitioner, Ivor Constantine ("Constantine") filed the instant petition (the "Petition") seeking an order pursuant to 28 U.S.C. § 2241 (" § 2241") vacating the judgment and sentence rendered following his guilty plea to a charge of illegal reentry into the United States in 1993. The Petition raises issues this Court considered and disposed of at Constantine's sentencing. Specifically, Constantine challenges the appropriateness of the Probation Office's calculation of his criminal history insofar as it included points for an offense he committed in 1990, over ten years prior to the illegal reentry in 2005 that was the subject of his plea and conviction. The Court rejected Constantine's argument and ruled that in this case the crime of illegal reentry is a continuing offense that ran from the time of Constantine's unauthorized arrival, in 1993, until he was eventually "found" in the United States in 2005. *See United States v. Constantine,* 417 F.Supp.2d 337, 339 (S.D.N.Y.2006).

Constantine was sentenced to a 27–month term of imprisonment after the Court rejected other challenges to his Sentencing Guidelines calculations. That judgment is now pending appeal to the Second Circuit.

The Government opposes the Petition on the ground that it does not raise any claim cognizable under § 2241, which ordinarily applies to challenges to "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir.2001). The Government argues that, with the very limited exception applicable to cases where relief is procedurally barred under 25 U.S.C. § 2255 (" § 2255") and thus failure to allow collateral review would raise serious constitutional questions, the proper vehicle to adjudicate a challenge to a federal inmate's conviction and sentence is § 2255. *See id.* at 146–47; *Triestman v. United States,* 124 F.3d 361, 373 (2d Cir.1997).

In the Government's view, allowing a federal prisoner to use § 2241 improperly to challenge a sentence and conviction would circumvent § 2255 and the requirements of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1296) ("AEDPA"). Among its proscriptions, that law bars the filing of a second or successive § 2255

petition. For these reasons, the Government urges that the Court advise Constantine to either (1) withdraw the instant Petition as improperly filed, or (2) proceed with the Petition by consenting to having it construed as a § 2255 motion, with a warning of the potential adverse consequences under AEDPA of reclassifying the Petition as filed under § 2255. *See Adams v. United States,* 155 F.3d 582, 584 (2d Cir.1998).

The Court finds the Government's proposed course of action here appropriate, and ordinarily would be inclined to adopt it. However, as the Government also notes, Constantine's challenge to his sentence is currently the subject of his appeal to the Second Circuit, the filing of which ordinarily divests this Court of jurisdiction to consider relief under § 2255 that potentially would entail consideration of the same issues in two difference forums. Under the circumstances, the Court is persuaded that the more appropriate course for the Court would be to dismiss this action without prejudice pending a determination of Constantine's appeal, unless the Petition is sooner withdrawn.

## II. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the Clerk of Court is directed to dismiss without prejudice the petition of Ivor Constantine ("Constantine") in this action pending a decision by the United States Court of Appeals for the Second Circuit on Constantine's appeal of his judgment of conviction and sentence in the underlying criminal case, 05 Cr. 0666(VM), unless Constantine elects to withdraw the instant petition at a sooner date.

**SO ORDERED.**