

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2007

# Macia v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4417

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Macia v. Williamson" (2007). *2007 Decisions.* Paper 1488.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1488

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4417
_____

JOSE I. MACIA,
Appellant

v.

TROY WILLIAMSON, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. PA. No. 05-CV-02046)
District Judge: The Honorable William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
February 27, 2007


Before:    SLOVITER, MCKEE AND AMBRO, <u>CIRCUIT JUDGES</u>.

(Filed: March 13, 2007)
_____

OPINION
_____

PER CURIAM

Jose I. Macia, a federal inmate presently confined at FCI-Allenwood,

Pennsylvania, appeals the District Court's dismissal of his § 2241 petition in which he

challenged the disciplinary proceeding and sanctions imposed following his escape from a

federal open prison facility in Florida in June 2004.

The facts are well known to the parties and will not be repeated at length here. At his disciplinary hearing on June 29, 2004, Macia waived staff representation and admitted that he escaped from the open prison. The disciplinary hearing officer found Macia guilty of escape and sanctioned him with twenty-seven days loss of good-time, fourteen days of disciplinary segregation and a disciplinary transfer. On July 19, 2004, Macia learned that the Deputy Marshal was investigating his escape for possible criminal prosecution. Macia was charged with escape for which he pled guilty, and was sentenced to fifteen months' imprisonment to run consecutively to the sentence he was then serving.

Macia filed a § 2241 petition in 2005, claiming that the Bureau of Prisons (BOP) violated his Constitutional rights and its own policy when it did not suspend disciplinary action pending the criminal investigation of his escape and subsequent prosecution. Macia also contends that the disciplinary hearing officer violated his due process rights and BOP policy when he failed to advise Macia of his due process rights at the disciplinary hearing. He asserts that the hearing officer wrongfully induced Macia to waive his right to be represented by a staff representative and to plead guilty to the disciplinary charge on the false promise that Macia would not be criminally prosecuted. Macia complains that his disciplinary transfer to a medium high security facility was vindictive and excessive. He seeks expungement of the incident report and sanctions from his prison record and an order reprimanding the disciplinary hearing officer for

disregarding the intent of the BOP regulations.

After reviewing the petition and responsive pleadings, the District Court denied § 2241 relief.[1] The District Court held that the BOP did not violate its own regulations and that, even if it did, Macia failed to show that he was prejudiced. The District Court also held that Macia failed to present any evidence supporting his claim that his waiver of his right to representation was based on the false promise of non-prosecution. The District Court ruled that the BOP did not violate due process in denying Macia representation in any event because Wolff v. McDonnell, 418 U.S. 539 (1974), provides a right to staff representation at a prison disciplinary hearing only when the inmate is illiterate or the issue to be adjudicated is complex. The District Court decided that Macia's case did not meet the Wolff criteria. The District Court held that there was more than some evidence to support the disciplinary hearing officer's finding of guilt based on the undisputed fact that Macia left the institution (FPC-Pensacola) on June 9, 2004. In addition, the District Court determined that the sanctions imposed were not excessive because they fell well within the BOP Guidelines for high level offenses set forth at 28 C.F.R. § 541.13, tables 3 and 4. The District Court also held that Macia's claim challenging his current institutional placement and custody classification was not properly brought in a habeas corpus petition because it related to the conditions of prison confinement, rather than the

---

[1] The District Court also denied Macia's motion for appointment of counsel and dismissed his summary judgment motion.

3

fact or duration of his sentence. Macia timely appealed.

We have jurisdiction to review the dismissal of Macia's petition pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions as no evidentiary hearing was conducted by the District Court. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).

First, we must address whether Macia may contest his disciplinary hearing and sanctions by means of a habeas corpus petition brought pursuant to 28 U.S.C. § 2241. Claims brought under § 2241 must challenge the execution of a sentence, rather than its validity. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). The precise meaning of the term "execution of a sentence" has not been determined. As we noted in Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005), the Supreme Court's decisions in Nelson v. Campbell, 541 U.S. 637 (2004), and Preiser v. Rodriguez, 411 U.S. 475 (1973), determined that § 1983 provides no remedy in "conditions of confinement" cases where the claims asserted lie "at the core of habeas." Id. (also citing Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002). The Supreme Court, however, did not address when a prisoner is precluded from filing a habeas petition. Woodall, 432 F.3d at 242. In Coady, we cited United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991), for the proposition that a "challenge to [the] place of imprisonment" is "properly brought under Section 2241." 251 F.3d at 485. The Court of Appeals for the Second Circuit has stated that "[a] motion pursuant to § 2241 generally challenges the execution of a federal

4

prisoner's sentence . . . by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001). We conclude that Macia's challenges to the disciplinary hearing and the sanctions imposed, including his disciplinary transfer, affect the manner in which his sentence is executed and are properly brought under § 2241. Upon careful review of the arguments on appeal, we will affirm.

Macia claims that the BOP violated his Constitutional rights and BOP policy by failing to suspend the disciplinary action pending possible criminal prosecution. The commencement of prison disciplinary proceedings before the criminal prosecution for escape did not violate Macia's Fifth Amendment right against self-incrimination. Even rights "basic to a fair hearing" are "necessarily circumscribed by the penological need to provide swift discipline in individual cases." Ponte v. Real, 471 U.S. 491, 495 (1985). The prison's failure to follow its own procedures will not result in a due process violation as long as the inmate is provided with the process he is due under Wolff v. McDonnell, 418 U.S. 539, 556 (1974).[2]

As for Macia's challenges to the disciplinary hearing proceeding and the sanctions imposed, Wolff provides a set of minimum procedural protections that must apply to

_____

[2] We note that there is nothing in this record to suggest that the prison violated 28 C.F.R. § 541.14(b)(1) and BOP Statement 5270.07, entitled "Inmate Discipline and Special Housing Units," because the U.S. Marshal released its incident report to the BOP "for administrative action" on June 14, 2004, and, thus, there was no basis under BOP policy for suspending the disciplinary action.

prison disciplinary proceedings where, as in Macia's case, a prisoner's good-time credit is at stake: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff, 418 U.S. at 563-67).

Turning to Macia's claim that the disciplinary hearing officer failed to advise him of his rights on the day of the hearing, the District Court correctly held that the prison and disciplinary hearing officer afforded Macia the procedural protections he was due under Wolff. See 418 U.S. at 555-57. The record indicates that Macia received written notice of the charges against him and was advised of his disciplinary hearing rights in accordance with Wolff before his hearing. Because Macia had already been advised of his hearing rights, the hearing officer was not obligated under Wolff to reiterate those rights at the hearing.

As for Macia's challenge to re-classification and disciplinary transfer, we agree with the District Court that these sanctions are well within the BOP guidelines for punishment. Thus, they do not amount to a constitutional violation.

We turn to Macia's last claim, that his admission of guilt at the disciplinary hearing was not knowing and voluntary because the disciplinary hearing officer induced him to waive his rights to staff representation and to a full hearing on a false promise of

6

non-prosecution. Inmates do not have a constitutional right to appointed counsel in prison disciplinary hearings. Wolff, 418 U.S. at 570. Although BOP regulations provide for staff assistance in certain cases, the lack of such representation in Macia's case does not constitute a due process violation. In any event, as the District Court correctly noted, the BOP regulations were not violated because Macia was not illiterate and the issues in his case were not complex.

As for Macia's contention that the disciplinary hearing officer wrongfully induced him to waive his right to a hearing, the District Court held that Macia failed to produce any evidence to support his claim that the disciplinary hearing officer promised him non-prosecution in exchange for a guilty plea on the disciplinary charge. Our review of the record, however, reveals what appears to be admissible evidence in support of Macia's allegation. Macia submitted an affidavit stating under penalty of perjury that "the statement of facts of the case in the Petition for Writ of Habeas Corpus is true and correct." In his § 2241 petition, Macia states that the disciplinary hearing officer took into consideration that Macia "was likely to face criminal prosecution after leaving the [prison] camp to visit my grieving family after my brother's suicide" and that Macia had been offered a hardship furlough, as well as Macia's past record, "to weigh whether I was to be criminally prosecuted. I was told to waive my rights, not to call witnesses or to demand representation to be assured of no criminal charges for a plea of guilty that day." See § 2241 Petition at ¶ 9-A. Macia's own statement, even if uncorroborated, raises a

7

question of fact as to whether he voluntarily waived the right to call witnesses and present documentary evidence in his defense. Normally, an evidentiary hearing would resolve the factual issue. No evidentiary hearing is necessary in Macia's case, however. Even assuming that Macia's waiver was wrongfully induced, we conclude that the error was harmless.[3] Putting Macia's admission aside, there is substantial evidence of his guilt as to the prison misconduct charge. Specific evidence relied on by the disciplinary hearing officer in finding Macia guilty of the misconduct charge included the report of Officer Michael that the 10:00 p.m. bed count on June 9, 2004, revealed that Macia was absent from his bunk. See Appellant's Brief, Exh. 4, § V. Lieutenant Lawson reported that the bed counts in the rest of the prison that night were normal. Id. A search of the prison compound and immediate surrounding area failed to locate Macia. Id. Officers inspected Macia's personal locker and bunker areas and found that all of his personal items were gone. Id. The U.S. Marshal was notified. Id. It is undisputed that Macia was apprehended the next day in Florida, at a location outside of the prison facility.

Accordingly, we will affirm the District Court judgment.

---

[3] We note at the outset of our harmless error analysis that Macia did not provide to the prison hearing officer, the District Court, or this Court on appeal, the names of the witnesses he would have called or the documentation he would have presented had he not waived his hearing rights.

8