

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-29-2007

# Ganim v. Fed Bur Prisons

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3810

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Ganim v. Fed Bur Prisons" (2007). *2007 Decisions*. Paper 1061.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1061

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3810
_____

JOSEPH P. GANIM,

Appellant
v.

THE FEDERAL BUREAU OF PRISONS; HARVEY LAPPIN,
IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE BUREAU
OF PRISONS; JOHN NASH, IN HIS OFFICIAL CAPACITY AS
FORMER WARDEN OF FCI FORT DIX, NEW JERSEY; WARDEN
CHARLES E. SAMUELS, OF FCI FORT DIX, NEW JERSEY
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-02957)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Under Third Circuit LAR 34.1(a)
May 16, 2007

Before:  SLOVITER, MCKEE AND AMBRO, CIRCUIT JUDGES

(Filed:  May 29, 2007)
_____

OPINION
_____

PER CURIAM

Joseph P. Ganim is currently serving his 108-month term of imprisonment at

FCI–Fort Dix.  He requested a transfer to the Federal Correctional Camp at Otisville,

New York, to be closer to his family members, who encounter difficulty in visiting him from a distance. A prison official denied his request "due to [inmate] release residence being within 500 miles." (Appendix at Ex. 2 (Petition at Ex. A).) After "the denial was consistently upheld on [administrative] appeals," (Id. at Ex. 2a (Memorandum in support of Petition at 2)), Ganim challenged the decision in a petition pursuant to 28 U.S.C. § 2241.

In his petition, Ganim argued that (1) the 500 mile rule that the prison official relied on did not apply to transfers between institutions of the same security level for closer-to-home purposes; (2) the 500 mile rule is an invalid "blanket rule" because it does not allow the Bureau of Prisons ("BOP") to consider an inmate's particular circumstances and the factors explicitly stated in 18 U.S.C. § 3621(b); (3) the BOP must comply with its own program statement and Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), and consider the sentencing judge's recommendation, and the history and characteristics of the prisoner, when evaluating a request for a transfer. He also raised a due process claim by alleging a protected liberty interest in the proper application of the BOP's rules and regulations.

The District Court denied Ganim's petition. It concluded that Ganim had not exhausted his administrative remedies, and alternatively determined that Ganim's claims were without merit. Ganim appeals.[1]

---

[1]Ganim also filed a motion for reconsideration, repeating his contention that he had exhausted his administrative remedies and presenting argument on the merits of his

We must first determine if Ganim could proceed under 28 U.S.C. § 2241. The language of § 2241, as well as the common-law history of the writ of habeas corpus, define the essential purpose of the writ – to allow a person in custody to attack the legality of that custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). However, a federal prisoner may challenge the execution of his sentence in a petition pursuant to § 2241. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).

"[T]he precise meaning of 'execution of a sentence' [remains] hazy. Woodall, 432 F.3d at 242. In Woodall, considering rulings from the Courts of Appeals of the Second, Sixth, Ninth, and Tenth Circuits, and the plain meaning of the term "execution" (to put into effect or carry out), we allowed a § 2241 challenge to regulations that limited a prisoner's placement in a community correction center ("CCC"). See id. at 243. We noted that "[c]arrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution." Id. Specifically, in finding Woodall's action properly brought pursuant to § 2241, we determined that "placement in a CCC represents more than a simple transfer." Id. We stated that "Woodall's petition crosse[d] the line beyond a challenge to, for example, a garden variety prison transfer." Id.

Ganim, who challenges a decision not to transfer him from federal prison in New Jersey to a similar facility in New York, does not cross the line that Woodall crossed.

claims. The District Court disregarded the argument regarding exhaustion, noting that its previous order was a denial on the merits, and otherwise denied Ganim's motion.

3

Ganim presents a challenge to a decision relating to a simple or garden variety transfer. The cases we cited approvingly in Woodall were not challenges to routine transfers. We relied in particular on Jiminian v. Nash, 245 F.3d 144 (2d Cir. 2001), Hernandez v. Campbell, 204 F.3d 861 (9th Cir. 2000), United States v. Jalili, 925 F.2d 889 (6th Cir. 1991), and Montez v. McKinna, 208 F.3d 862 (10th Cir. 2000).[2]

Jiminian used expansive language to state that "a motion" pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." 245 F.3d at 146. However, Jiminian was a case about whether 28 U.S.C. § 2255 was an inadequate or ineffective remedy for a prisoner who attempted to use § 2241 to raise claims that had been rejected in his first § 2255 motion. Id. at 145-46. The court in Jiminian cited Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997), as authority for its list of appropriate uses of a § 2241 petition. See Jiminian 245 F.3d at 146. However, Chambers itself only lists examples of § 2241 petitions challenging the calculation or length of sentences. See 106 F.3d at 474-75 (citing cases from the Second, Fifth, and Eighth Circuits).

Hernandez, like Jiminian, described the use of § 2241 in broad strokes, noting that petitions under § 2241 are those "that challenge the manner, location, or conditions of a

---

[2]We also cited a series of district court cases, all of which related to CCC issues akin to Woodall's challenge.

sentence's execution." Hernandez, 204 F.3d at 865. However, also like Jiminian, Hernandez dealt with the savings clause of § 2255, which allows a § 2241 petition when a § 2255 motion is inadequate or ineffective to test the legality of a detention. See id. at 864-66. The cases that the Hernandez court cited in support of its proposition, Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990), and Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980), both related to parole decisions. The routine transfer that Ganim has in mind is far removed from a determination about the length of a sentence. The BOP review of the transfer request, which is the real relief that Ganim seeks (Appellant's Brief at 5), is even farther removed.

The prisoner in Jalili challenged the execution of his sentence, arguing that his confinement in a secure prison instead of a community treatment center violated the terms of his sentence. See 925 F.2d at 891-92. As in Woodall, and unlike Ganim's case, the difference between the two facilities was great. Similarly, the transfer at issue in Montez was no simple transfer within the same system – the prisoner challenged transfers from a Wyoming state-operated prison to a private Texas correctional facility and from the Texas facility to a private Colorado correctional facility.[3] See 208 F.3d at 864.

We find further support for our distinction of Ganim's case from Woodall's in Pischke v. Litscher, 178 F.3d 497 (7th Cir. 1999). In Pischke, the court held that "habeas

---

[3]Furthermore, although the Court of Appeals for the Tenth Circuit allows an inmate to raise a claim of a transfer to a private prison "procedurally under § 2241," the Tenth Circuit does not consider it a cognizable federal constitutional claim. Rael v. Williams, 223 F.3d 1153, 1154-55 (10th Cir. 2000).

5

corpus cannot be used to challenge a transfer between prisons . . . unless the custody in which the transferred prisoner will find himself when transferred is so much more restrictive than his former custody that the transfer can fairly be said to have brought about . . . 'a quantum change in the level of custody.'" Id. (citations omitted). While we did not look for a quantum change in Woodall, in that case, we noted many distinctions between a traditional correctional facility and a CCC when we considered the two types of confinement. See 432 F.3d at 243 (noting that at CCCs, unlike in prison, inmates may be eligible for short-term releases for daily work in the community, overnight and weekend passes, and longer furloughs). We do not find such distinctions here between a federal prison in New Jersey and a federal prison in New York, both of which have the same security level.

For the reasons stated above, we conclude that Ganim's claims were not properly brought pursuant to § 2241. Accordingly, the District Court was without jurisdiction to consider Ganim's petition. We will therefore vacate the District Court's order denying Ganim's petition. On remand, the District Court is instructed to dismiss Ganim's petition for lack of jurisdiction.