**Jose V. SANCHEZ, Plaintiff,**

v.

**Carolyn A. SABOL, Defendant.**

**Civil Action No. 07–40090–NMG.**

United States District Court,
D. Massachusetts.

March 7, 2008.

Jose V. Sanchez, Ayer, MA, pro se.

Anita Johnson, United States Attorney's Office, Boston, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

The petitioner, Jose V. Sanchez ("Sanchez"), is a federal prisoner who has lost both of his kidneys and has been treated with hemodialysis for over 14 years. He has filed this petition for habeas corpus in an effort to secure a kidney transplant and the government has responded with a motion to dismiss.

## I. *Background*

### A. The Petitioner and His Condition

Sanchez was sentenced in October, 1993, to a term of imprisonment of 365 months following his conviction for Possession with Intent to Distribute in Excess of 50 Grams of Cocaine Base. He is currently serving that sentence at the Medical Center for Federal Prisoners at Ft. Devens ("Devens") in Ayer, Massachusetts. The defendant, Carolyn Sabol ("Sabol") is the Warden at Devens.

When Sanchez entered the custody of the Federal Bureau of Prisons ("BOP") he had already lost one kidney. On January 19, 1994, he lost his remaining kidney when he was apparently the innocent victim of a stabbing during a lunchroom brawl at the BOP facility in Terre Haute, Indiana. Since then he has undergone hemodialysis three times each week which has, according to monthly blood tests, been effective.

Notwithstanding the results of the blood tests, Sanchez claims that, as a result of the prolonged hemodialysis, he has been subjected to great discomfort, the development of calcium deposits throughout his body and 23 separate surgeries. The surgeries have left numerous permanent scars ranging in length from ½ inch to 9½ inches. Sanchez claims that dialysis is no longer possible through his arms and that it is therefore being administered through his neck, groin and legs. He feels he must wear long-sleeved shirts to cover the damage to his arms.

### B. The Procedure for Obtaining a Kidney Transplant While in Federal Custody

Under BOP policy, the organ transplant process operates as follows:

1) The Clinical Director ("CD") at the custodial location must determine that it is medically necessary to evaluate the inmate's suitability for a transplant.

2) The CD initiates a consultation with a specialist.

3) The CD forwards all pertinent medical information to the BOP's Medical Director in Washington, DC, for consideration.

4) If the Medical Director determines that the transplant is medically indicated, the inmate is approved for surgery.

5) The transplant center (in this case University of Massachusetts Medical Center ("the Medical Center")) then performs a full evaluation to determine whether the inmate is an appropriate candidate for a transplant.

6) If the candidate is approved, he is placed on a waiting list for an organ donation.

The pleadings indicate that Sanchez began informally requesting a kidney transplant in March, 1994, at which time he claims to have received verbal assurances that he would soon receive a transplant. In 2006, Sanchez filed what purported to be a motion for compassionate release pursuant to 18 U.S.C. § 3582. Because he had not filed any action in the District Court at that time he submitted his "motion" directly to the then-Warden at FMC Devens, David L. Winn ("Winn"). Winn denied the "motion" on December 26, 2006 on the grounds that Sanchez's illness did not significantly affect his ability to perform daily activities and that he was receiving adequate medical care.

On October 26, 2006, Sanchez filed an administrative tort claim seeking $25 million in damages for the allegedly delayed transplant and resulting prolonged dialysis. That claim was denied on April 27, 2007, after which he filed a separate action in this Court on October 27, 2007 (Docket No. 07–cv–40274–NMG) pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

In the meantime, in December, 2006, the CD at FMC Devens informed Sanchez that he was conducting a formal evaluation of Sanchez's suitability for a transplant. On June 14, 2007, the same CD recommended Sanchez for a kidney transplant and forwarded his medical information to the BOP Medical Director. As of February 14, 2008, the BOP Medical Director had determined that a transplant was medically indicated and that Sanchez was approved for referral to the Medical Center for the necessary workups.

On April 2, 2007, apparently before the CD's evaluation was complete, Sanchez filed this petition requesting that the Court 1) order the BOP to provide him with a kidney transplant and all necessary treatment associated therewith and 2) censure Sabol and the staff at Devens for unnecessarily delaying his transplant.

The government's motion to dismiss this petition is grounded on the allegation that it is not properly pled. The government contends that because Sanchez's complaint is addressed to the conditions of his confinement rather than the to fact or duration of confinement, habeas corpus relief does not lie and that if any relief is available it must emanate from a suit pursuant to *Bivens. Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004). The government also contends that even if this petition is construed as a *Bivens* suit, dialysis does not violate the Eighth Amendment, so he has failed to plead facts sufficient to state a claim. Finally, because Sanchez has allegedly failed to plead his case correctly (or to pay the five dollar filing fee ordered by this Court), the government urges this Court to dismiss it.

## II. *Analysis*

The government moves to dismiss Sanchez's habeas petition because he: 1) has no habeas claim, 2) does not plead a constitutional violation and 3) has not paid the filing fee.

### A. Habeas Corpus and the Constitutional Claim

 As a general matter, a petition for habeas corpus is the appropriate means

to challenge the "fact or duration" of incarceration, while challenges to the conditions of confinement are generally brought as civil rights claims under *Bivens.*[1] *See Muhammad,* 540 U.S. at 750, 124 S.Ct. 1303; *Kamara v. Farquharson,* 2 F.Supp.2d 81, 89 (D.Mass.1998). When a claim involves inadequate medical treatment, courts usually find habeas relief unavailable. *Kane v. Winn,* 319 F.Supp.2d 162, 215 (D.Mass.2004)(citing cases). When the petitioner is proceeding *pro se,* the district court may proceed in one of three ways. It may 1) dismiss the petition, as the government urges, 2) require the petitioner to amend his pleading to bring it into the proper procedural framework or 3) construe the habeas petition as a constitutional claim brought pursuant to *Bivens.*

■ The Courts of the District of Massachusetts have, in different circumstances, followed either the first or the third course. *See Kane,* 319 F.Supp.2d at 215 (declining to dismiss a habeas petition, instead treating it as a civil rights claim); *McCaffery v. Winn,* 2005 WL 2994370 at *1 (D.Mass.2005) (same); *Kelly v. Farquharson,* 256 F.Supp.2d 93, 103 (D.Mass. 2003) (noting that habeas claims challenging confinement conditions are subject to dismissal); *Kamara,* 2 F.Supp.2d at 89(dismissing a habeas claim without prejudice as improperly pled). The most thorough analysis of these options appears in *Kane* and, as Judge Young there conclud-

ed, the best view is to treat such a habeas petition as an instance of inartful pleading and to permit the *pro se* petitioner to proceed as though his action were properly pled. Therefore, this memorandum turns next to the facts of Sanchez's case.

**B. Relief Sought**

As noted above, Sanchez has requested that this Court order 1) that he be provided with a kidney transplant and all necessary associated care and 2) that the medical staff at Devens be censured for failing to approve him for such a transplant earlier. Sanchez has filed a separate action in this Court seeking damages for the alleged mismanagement of his medical care.

■ The primary relief sought is the kidney transplant itself but, even if this Court possessed the medical expertise to recognize the efficacy of such a procedure, it lacks the authority to issue so specific and direct an order as Sanchez requests. The most it can do is to order BOP officials to review Sanchez's request for a transplant in an expedited manner. As noted above, however, both the CD at Devens and the BOP Medical Director in Washington, DC have already recommended Sanchez as a candidate for a transplant and, as of February, 2008, Sanchez was due to be examined by physicians at the University of Massachusetts Medical Center to determine his fitness for

---

**1.** Several federal courts have noted that § 2241 is the appropriate vehicle for challenges to the "execution" or "manner" of a prisoner's sentence, by contrast with § 2255's attack on the fact or duration of the confinement. *E.g. Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir.2000); *Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir.2001); *Hernandez v. Campbell,* 204 F.3d 861, 864 (9th Cir.2000); *Gonzalez v. United States,* 150 F.Supp.2d 236 (D.Mass.2001). As they are described in *Jiminian,* these challenges primarily concern "administration of parole, computation of sen-

tences by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions". 245 F.3d at 146. Notwithstanding the possible overlap of remedies, challenges to medical treatment remain most squarely in the realm of civil rights litigation under *Bivens* rather than habeas corpus. *Oladukun v. Winn,* 2005 WL 1972560, Civ.A.04–40198–RWZ (D.Mass. Aug. 16, 2005); *Tucker v. Carlson,* 925 F.2d 330, 332 (9th Cir.1990); *Kane v. Winn,* 319 F.Supp.2d 162, 213–215 (D.Mass.2004).

such a surgical procedure. His case is now out of the hands of the BOP medical staff and the coercive element of his claim is, therefore, moot.

 The other relief that Sanchez seeks is censure of the medical staff at Devens for its handling of his case. As noted above, Sanchez has, in addition to this suit in which he seeks a prospective order granting him a kidney transplant, filed a separate action seeking damages for the delay in providing such a transplant. Because any such censure would arise out of a retrospective evaluation of the staff's conduct, it is more properly considered alongside the damages claim rather than the claim for injunctive relief. Sanchez's claim for censure in this action will, therefore, be denied.

### C. The Eighth Amendment and Dialysis

 Although the claim is moot, this Court notes that, even were it to consider the merits of the habeas petition, Sanchez could not demonstrate a constitutional violation. In brief, a prisoner may prevail on an Eighth Amendment claim arising out of inadequate medical treatment only if he can show that the BOP was at least deliberately indifferent to his objectively serious medical condition. *Calderon–Ortiz v. LaBoy–Alvarado*, 300 F.3d 60, 64 (1st Cir. 2002). Here there can be no doubt that Sanchez suffers an objectively serious condition because it obviously requires medical treatment. *Mahan v. Plymouth County House of Corrections*, 64 F.3d 14, 18 (1st Cir.1995). He fails, however, to demonstrate that the government has been deliberately indifferent to that condition. Sanchez has suffered hardships while in BOP custody but they are attributable to the loss of his kidneys rather than to the BOP's management of his medical care. Even if a transplant would have been med-ically preferable it cannot be said that the carefully-monitored dialysis which has kept him alive constitutes a "wanton and unnecessary" infliction of suffering. *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

### D. Filing Fee

 On May 9, 2007, this Court issued a Memorandum and Order (Docket No. 3), in which it directed Sanchez to pay a Five Dollar filing fee for his habeas petition by June 20, 2007. It further cautioned Sanchez that failure to comply might result in dismissal without prejudice. To date, the docket does not indicate payment by Sanchez. He has, however, submitted an affidavit to the Court in which he swears that he did pay the requisite filing fee on May 16, 2007 and attached a copy of his inmate trust account statement showing a corresponding withdrawal for legal fees. In light of Petitioner's affidavit, the alleged non-payment is insufficient grounds for dismissal. The claim is, nevertheless, moot for the reasons stated above.

### ORDER

Because Sanchez has already received the only relief that this Court has jurisdiction to order, his petition for habeas corpus is **DISMISSED** as moot.

**So ordered.**