Eric ADAMS, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

Docket No. 03–2096.

United States Court of Appeals,
Second Circuit.

Submitted Oct. 6, 2003.

Decided June 16, 2004.

Eric Adams, Marion, Illinois, submitted a brief, pro se, for Petitioner–Appellant.

Susan Corkery, Assistant United States Attorney, Brooklyn, New York (Roslynn

R. Mauskopf, United States Attorney, Peter A. Norling, Assistant United States Attorney, Eastern District of New York, Brooklyn, New York, of counsel), submitted a brief for Respondent–Appellee.

Before: WALKER, Chief Judge, CARDAMONE, and McLAUGHLIN, Circuit Judges.

CARDAMONE, Circuit Judge.

Eric Adams, *pro se* petitioner (petitioner or appellant), who is currently incarcerated in the State of Illinois, appeals from a January 24, 2003 order of the United States District Court for the Eastern District of New York (Amon, J.), dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The petitioner challenges the jurisdiction of the federal court that, after a jury trial, convicted him of racketeering, robbery conspiracy, and carrying a firearm in connection with crimes of violence. Adams contends he is entitled to pursue his claim that the trial court lacked subject matter jurisdiction over him, even though he failed to raise that issue on direct appeal, brought an unsuccessful challenge to his conviction pursuant to 28 U.S.C. § 2255, was denied leave to pursue a second § 2255 petition, and raised this same issue in a prior failed § 2241 petition.

In deciding a case pending before it, a district court must look to applicable decisions of this Court for guidance so that it can avoid riding off in the wrong direction. But if, as this appeal illustrates, our decisions give contrary or confusing signals on the course the district court should take, we have an obligation to make our directions clearer. Thus, we write in this case primarily to clarify the options a district court has when a prisoner brings a petition under § 2241 in an attempt to evade § 2255's gate-keeping limits on second or successive petitions.

## BACKGROUND

After a two-week trial in the Eastern District of New York, petitioner was convicted of numerous crimes of violence. On November 2, 1995 he was sentenced by that court to two concurrent terms of life imprisonment plus consecutive terms totaling 65 years incarceration. We affirmed the judgment of conviction in an unpublished opinion dated May 15, 1996. *United States v. Adams,* 101 F.3d 684 (table), 1996 WL 281356 (2d Cir.), *cert. denied,* 519 U.S. 904, 117 S.Ct. 261, 136 L.Ed.2d 186 (1996).

Ten months later, in March 1997, Adams purported to move *pro se* under Rule 12(b)(2) of the Federal Rules of Criminal Procedure for an order vacating his conviction for lack of jurisdiction. The district court judge converted the *pro se* motion to a petition for relief under 28 U.S.C. § 2255 and, on March 11, 1997, denied it as without merit. Adams then moved to withdraw his motion to ensure that any further challenges would not be barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) certification requirements for filing a second or successive § 2255 petition. *See* 28 U.S.C. § 2255. The district court denied petitioner's motion to withdraw his earlier motion as moot.

On appeal, we vacated the district court's March 11, 1997 order, and ruled that a district court should not convert a post-conviction *pro se* application into a § 2255 petition unless it first obtains the informed consent of the prisoner or offers the prisoner an opportunity to withdraw it. *See Adams v. United States,* 155 F.3d 582, 584 (2d Cir.1998). On remand, the district court permitted Adams to withdraw his previous petition, and he filed a new petition for relief under § 2255.

In his new petition, petitioner attacked his conviction on the ground that he had

received ineffective assistance of counsel. Specifically, he faulted his attorney for not calling a potentially exculpatory witness and for not arguing that he had been denied due process when the government failed to disclose a statement made by a person petitioner had shot in an unrelated crime. The district court ruled that Adams had not demonstrated that his attorney rendered constitutionally ineffective representation, and denied both his petition and his request for a certificate of appealability. We also denied his motion for a certificate of appealability.

Petitioner next sought leave to file a second § 2255 petition, addressing the same subject matter jurisdiction challenge he had previously attempted to raise in the district court. He declared that the federal trial court that convicted him lacked jurisdiction because when the federal action commenced against him on May 4, 1994, a parallel state court criminal proceeding was pending against him arising from the same conduct. The state action was dismissed on May 17. Adams believed the pendency of the state criminal proceeding against him during the early stages of his federal prosecution deprived the federal court of jurisdiction and rendered the federal judgment void. On October 10, 2000, we denied Adams' application to file a second petition under § 2255.

In April 2001 petitioner then filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Colorado, the district in which Adams was incarcerated at the time. The petition challenged his 1995 conviction on the same jurisdictional ground he had previously sought to raise. The district court ruled that the petition should have been brought under § 2255 because § 2241 attacks the execution of a sentence rather than its validity. It further held Adams failed to establish that a remedy under § 2255 would be inadequate or ineffective

to test the legality of his detention simply because he had been denied relief previously, and denied the petition. The Tenth Circuit affirmed in an unpublished opinion filed December 6, 2001.

A year later, in December 2002, Adams filed the instant petition in the Eastern District of New York. The petition, brought pursuant to 28 U.S.C. § 2241, raised the same alleged jurisdictional defect that petitioner had urged twice before. Adams candidly admitted that on two prior occasions he had raised the same issue. Judge Amon ruled that § 2255 is the proper vehicle for a prisoner to challenge his sentence, unless § 2255 would be an inadequate or ineffective remedy. Finding that § 2255 was neither inadequate nor ineffective in this case, the district court dismissed Adams' petition. From the dismissal of his petition, Adams appeals.

## DISCUSSION

### A.

■ When reviewing a district court's dismissal of a § 2241 petition, we examine both the merits of the petition and questions concerning subject matter jurisdiction *de novo*. *Wang v. Ashcroft*, 320 F.3d 130, 139–40 (2d Cir.2003). Title 28 U.S.C. §§ 2241 and 2255 each create mechanisms for a federal prisoner to challenge his detention, but the two sections offer relief for different kinds of perceived wrongs. Section 2255 provides relief in cases where the sentence: (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. We have held that § 2255 is the appropriate vehicle for a federal prisoner to challenge the *imposition* of his sentence. *See Chambers v. United States*, 106 F.3d 472, 474 (2d Cir.1997).

Section 2241 by contrast is the proper means to challenge the *execution* of a sentence. In a § 2241 petition a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated. *See Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir.2001). In addition, § 2241(c)(3) also grants federal courts authority to entertain habeas petitions from prisoners "in custody in violation of the Constitution or laws or treaties of the United States." This language appears to create an overlap between § 2255 and § 2241. But we have ruled that federal prisoners generally must invoke § 2255 instead of § 2241 to challenge a sentence as violating the U.S. Constitution or laws. *Jiminian,* 245 F.3d at 147; *Triestman v. United States,* 124 F.3d 361, 373 (2d Cir.1997).

Appellant's current challenge is to the jurisdiction of the convicting court. That is a challenge to the imposition of the sentence, not its execution. Thus, § 2255 is the appropriate section under which he must seek relief. Yet, Adams was confronted with a dilemma because he has already filed a § 2255 motion that was dismissed on the merits. As amended by the AEDPA, § 2255 now contains a gate-keeping feature that limits a prisoner's ability to file a second or successive § 2255 motion. That feature requires a second or successive petition to be certified by a panel of an appropriate court of appeals to contain: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by

the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244(b).

■ Appellant appears to concede he does not satisfy this gate-keeping provision, but insists that he satisfies an exception to it. The exception permits a prisoner to file a motion under § 2241 to test the legality of his detention when § 2255 is inadequate or ineffective to challenge his detention. *See* 28 U.S.C. § 2255, ¶ 5; *see also Triestman,* 124 F.3d at 373. In *Triestman,* we held that § 2255 may be inadequate or ineffective in circumstances where a prisoner cannot avail himself of § 2255, and when the failure to obtain collateral review raises serious constitutional questions. *See* 124 F.3d at 377. In *Jiminian,* we added a corollary to this holding, ruling that § 2255 is *not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition. *See* 245 F.3d at 147–48.

### B.

■ Applying the holdings of these cases in the case now before us, it is evident that petitioner was not entitled to file a § 2241 petition because § 2255 is the approved road for such a petitioner to travel in order to challenge his conviction. Moreover, appellant has not established his right to an exception that would justify using an alternative route. We agree with the district court that his petition does not raise serious constitutional questions because appellant has not alleged actual innocence and all of his arguments could have been raised—or in some cases actually were raised—in prior proceedings. Nonetheless, there remains some ambiguity as to what course a district court should follow when presented with this situation.

On petitioner's prior appeal to this Court, we ruled that district courts should not convert a post-conviction motion into a § 2255 motion without first giving the prisoner notice of such proposed action, and giving the prisoner an opportunity to withdraw his § 2255 motion. *Adams*, 155 F.3d at 584. This ruling was based upon a concern that a prisoner may be unaware that such a proposed conversion can trigger the AEDPA's gate-keeping limitations, and the severity of those limitations favored providing the prisoner with notice. In *Jiminian*, however, we said that this concern does not arise when a federal prisoner's previous § 2255 motion has been dismissed on the merits. 245 F.3d at 148. *Jiminian* recognized that the concerns raised in *Adams* are not implicated when the AEDPA's gate-keeping limitations have already been triggered by the prisoner's knowing conduct in filing for habeas relief under § 2255. *Id.*

Hence, in *Jiminian* we instructed that when a prisoner has already had a § 2255 petition dismissed on the merits, a district court faced with a § 2241 petition raising previously available claims that are properly the subject of a § 2255 motion should treat the motion as a second or successive § 2255 motion and refer it to this Court for certification. *Id.* More recently in *Cephas v. Nash*, 328 F.3d 98 (2d Cir.2003), we suggested the alternative disposition of dismissal instead of referring it to this Court for certification. *Id.* at 104. We held that if a prisoner moving under § 2241 cannot make the necessary showing that a § 2255 motion is "inadequate or ineffective," the district court "must either dismiss the habeas petition for lack of jurisdiction or recast it as a § 2255 motion." *Id.*

### C.

 Unfortunately, in discussing the alternative disposition of a dismissal in *Ce-*

*phas*, we neglected to note *Jiminian*'s prior holding that conversion and referring the case to this Court was the appropriate disposition. As a consequence, we take this opportunity to clarify that either option may be utilized by a district court when a prisoner files a § 2241 petition in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits. That is to say, the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to this Court for certification, *Jiminian*, 245 F.3d at 148, or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction. *Cephas*, 328 F.3d at 104. In this case, Judge Amon chose the latter course and dismissed the petition. For the reasons discussed above, dismissal in these circumstances was both permissible and appropriate.

Finally, the government insists that venue in the Eastern District of New York was improper because § 2241 petitions must be filed in the district of incarceration and Adams currently is being held in Illinois. In light of our holding that the district court lacked jurisdiction to entertain the petition, we see no reason to address the venue argument and therefore decline to do so.

### CONCLUSION

The order dismissing the petition is affirmed.