**Terry MIDDLETON, Petitioner–Appellant,**

v.

**Deborah SCHULT, Respondent–Appellee.**

No. 07–2770–pr.

United States Court of Appeals, Second Circuit.

Nov. 10, 2008.

Terry Middleton, Petitioner–Appellant, pro se.

Brenda K. Sannes, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney, on the brief), Office of the United States Attorney for the Northern District of New York, Syracuse, NY, for Respondent–Appellee.

PRESENT: JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges, JOHN GLEESON, District Judge.*

**SUMMARY ORDER**

On April 12, 2007, petitioner Terry Middleton, *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the District Court for the Northern District of New York.[1]  Middleton was con-

---

* The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

1.  Though petitioner was tried and sentenced in the Northern District of Florida, he was incarcerated at the Federal Correctional Institution at Ray Brook, New York in April 2007, Appellee App. at 20, and thus properly filed his habeas petition under 28 U.S.C. § 2241 in the Northern District of New York.  On May 29, 2007, petitioner notified the District Court that he had been transferred to the McKean Federal Correctional Facility in Lewis Run, Pennsylvania.  Because jurisdiction attaches on the initial filing for habeas corpus relief, *see Francis v. Rison*, 894 F.2d 353, 354 (9th Cir.1990), we maintain jurisdiction in the immediate case.

victed in October 1991 in the Northern District of Florida of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Because Middleton had previously been convicted of three violent felonies—battery of a law enforcement officer, attempted second-degree murder, and armed robbery—the District Court for the Northern District of Florida enhanced Middleton's sentence pursuant to 18 U.S.C. § 924(e), and sentenced him principally to a term of 180 months' imprisonment. Middleton argued in his petition that he was actually innocent of violating § 924(e) because the armed robbery conviction occurred after the conduct that gave rise to the § 922(g)(1) conviction, and therefore should not have been considered a "previous conviction" for § 924(e) purposes. Appellee App. at 9–13. Middleton acknowledged that he did not challenge the sentencing enhancement on direct appeal and that, though he was aware of the issue by the time he filed an initial § 2255 motion in December 1993 in the Northern District of Florida, he did not raise it then either because he was not able to find supporting case law. Middleton contended that it was only after his § 2255 motion was denied in March 1996, that the Eleventh Circuit ruled that a conviction could only be considered a previous conviction for the purposes of § 924(e) if it occurred before the violation of § 922(g). *Id.* at 14 (citing *United States v. Richardson,* 166 F.3d 1360, 1361 (11th Cir.1999) (holding that a "conviction is 'previous' to a § 922(g) offense only if the conviction occurred before the violation of § 922(g), not simply prior to conviction or sentencing for the violation")). On May 1, 2007, the District Court for the Northern District of New York dismissed Middleton's instant § 2241 petition for lack of subject matter jurisdiction. Middleton moved for reconsideration on May 10 and the District Court denied the motion on June 13, 2007, 2007 WL 1704646. Middleton filed a timely notice of appeal. We assume the parties' familiarity with the facts and procedural history of the case.

We review *de novo* a district court's dismissal of a 28 U.S.C. § 2241 habeas petition for lack of subject matter jurisdiction. *See Cephas v. Nash,* 328 F.3d 98, 103 (2d Cir.2003). As the District Court noted in its May 1, 2007 Memorandum–Decision and Order, a § 2241 petition is the proper means to challenge the execution of a federal prisoner's sentence, not the imposition of a sentence. Appellee App. at 22. *See also Adams v. United States,* 372 F.3d 132, 135 (2d Cir.2004). Generally, § 2255 is the appropriate vehicle for a federal prisoner to challenge a sentence's imposition on the ground that it was "imposed in violation of the U.S. Constitution or the laws of the United States." *Id.* at 134. However, there is a limited exception to this general rule; the "savings clause" of § 2255 permits prisoners to file a petition pursuant to § 2241 for challenges to the imposition of a sentence where § 2255 is "inadequate or ineffective" and "failure to allow for collateral review would raise serious constitutional questions." *Triestman v. United States,* 124 F.3d 361, 377 (2d Cir.1997).[2] We have held that if the claim petitioner seeks to raise was previously available to him, the "failure to permit review of that claim

---

**2.** Section 2255 provides in relevant part:

An application for a writ of habeas corpus [on] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion,

to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5.

would not raise serious constitutional questions." *Jiminian v. Nash,* 245 F.3d 144, 147 (2d Cir.2001) (internal citations and quotation marks omitted); *see also Cephas,* 328 F.3d at 105 (concluding that where "petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier . . . then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted.").

Here, Middleton argues that he could not have been "reasonably expected" to raise his sentencing enhancement claim earlier, before the Eleventh Circuit held that a conviction is "previous" to a § 922(g) offense only if the conviction occurred before the violation of § 922(g) in *Richardson.* Appellee's App. at 15 (citing *Richardson,* 166 F.3d at 1362). A lack of case law to support a claim, however, does not render that claim unavailable. Indeed, the Eleventh Circuit's decision in *Richardson* came about precisely because a defendant in Middleton's position raised this particular claim, which the Court noted was a matter of first impression. *See Richardson,* 166 F.3d at 1361. Thus, we conclude that Middleton's sentencing enhancement claim could have been pursued earlier and his § 2241 petition should be dismissed for lack of jurisdiction.

## CONCLUSION

The judgment of the District Court is **AFFIRMED.**

* The Honorable Brian M. Cogan, of the United States District Court for the Eastern District