13-4698-pr
*Franklin v. Hudson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand fourteen.

PRESENT:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges,*
> MICHAEL P. SHEA,*
> *District Judge.*

_____

Darryl Lamont Franklin,

> *Petitioner-Appellant,*

> v.                                                          13-4698-pr

D. Hudson,

> *Respondent-Appellee.*

_____

**FOR PETITIONER-APPELLANT:**     Darryl Lamont Franklin, pro se, Ray Brook, NY

**FOR RESPONDENT-APPELLEE:**      Brenda K. Sannes, Assistant United States
                                  Attorney of Counsel, *for* United States Attorney

---

*The Honorable Michael P. Shea, of the United States District Court for the District of Connecticut, sitting by designation.

Richard S. Hartunian, Syracuse, NY

Appeal from orders of the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Darryl Lamont Franklin, pro se, appeals the district court's October 7, 2013 dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and its subsequent orders denying reconsideration and a certificate of appealability ("COA") entered on October 23, 2013, and December 3, 2013, respectively.[**] We assume the parties' familiarity with the facts and underlying proceedings.

We review de novo a district court's denial of a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. *See, e.g.*, *Sash v. Zenk*, 428 F.3d 132, 134 (2d Cir. 2005). A motion pursuant to § 2255 is the proper means to challenge the imposition of a federal conviction and sentence, whereas a petition pursuant to § 2241 is the proper means to challenge the execution of a federally-imposed sentence. *Adams v. United States*, 372 F.3d 132, 134-35 (2d Cir. 2004). District courts lack jurisdiction to consider second or successive § 2255 motions unless the movant has obtained authorization from the appropriate court of appeals. *Carmona v. United States*, 390 F.3d 200, 201-02 (2d Cir. 2004). A federal prisoner may challenge the validity of his conviction under § 2241 if he establishes that § 2255 is "inadequate or ineffective

---

[**] We construe Franklin's October 30, 2013 COA motion in this Court as a timely notice of appeal from the district court's dismissal of his § 2241 petition and denial of reconsideration. *See Marmolejo v. United States*, 196 F.3d 377, 378 (2d Cir. 1999) (per curiam).

to test the legality of his detention." 28 U.S.C. § 2255(e); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003). However, "when a prisoner files a § 2241 petition in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits . . . , the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to this court for certification . . . or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction." *Adams*, 372 F.3d at 136. A COA is not required to appeal the dismissal of a § 2241 petition. *Murphy v. United States*, 199 F.3d 599, 601 n.2 (2d Cir. 1999).

Here, an independent review of the record and relevant case law reveals that the district court properly dismissed Franklin's § 2241 petition for lack of jurisdiction consistent with the procedure set forth in *Adams*, 372 F.3d at 136. We affirm the dismissal order for substantially the same reasons stated by the district court in its October 7, 2013 order. We also detect no error in the district court's denial of reconsideration and Franklin's request for a COA. Accordingly, we also affirm the court's October 23, 2013, and December 3, 2013 orders.

We have considered Franklin's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3