15-1977
*Fisher v. Hudson*


# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT


## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand sixteen.

Present:
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
>  *Circuit Judges*,
> JED S. RAKOFF,
>  *District Judge*.[*]

_____

RAMEL FISHER,

>  *Petitioner-Appellant*,

>  v.                                             15-1977

D. HUDSON, Warden, FCI Ray Brook

>  *Respondent-Appellee*.

_____


For Plaintiff-Appellant:          RANDOLPH Z. VOLKELL, Merrick, New York

For Defendant-Appellee:           KAREN FOLSTER LESPERANCE, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, New York (Charles E. Roberts, on the brief)

_____

[*] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1

Appeal from an order of the United States District Court for the Northern District of New York (D'Agostino, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, and that the case be **REMANDED** to the district court for further proceedings consistent with this order.

Appellant Ramel Fisher appeals from an order entered on June 15, 2015 in the United States District Court for the Northern District of New York (D'Agostino, *J.*), denying his habeas corpus petition under 28 U.S.C. § 2241 ("Fisher's § 2241 petition"). We assume the parties' familiarity with the facts, procedural history of the case, and the issues on appeal.

On March 30, 2007, Fisher pled guilty in the United States District Court for the Eastern District of New York to one count of conspiracy to distribute narcotics in violation of 21 U.S.C. §§ 841 and 846. As noted on the record at the plea hearing before the magistrate judge, one component of the plea was an agreement by the Government not to oppose an application by Fisher to have the district judge order his sentence to run concurrently with any sentence that would ultimately be imposed in connection with pending charges against him in state court.

Fisher's counsel, however, did not make the agreed-upon application before the district judge at the sentencing hearing. In fact, at the hearing, neither the parties nor the district court ever mentioned that Fisher was facing state charges carrying a potential prison sentence. When the district court asked Fisher's counsel whether he wanted to present any further arguments prior to sentencing, he only reiterated the Government's observation that no upward adjustment from the mandatory minimum was warranted in Fisher's case. The district court thereafter imposed a sentence of 240 months' imprisonment.

2

After being sentenced in federal court, Fisher was removed to state custody on the pending charges against him. He pled guilty to state charges as well, and was sentenced in state court to a five-year term of imprisonment.

On December 13, 2012, Fisher completed his state sentence and was transferred to federal custody. The Bureau of Prisons ("BOP") computed Fisher's sentence and, after accounting for separate time in custody that Fisher was entitled to credit for, determined his release date as November 15, 2028.

In January 2013, Fisher initiated BOP administrative review of his sentence, arguing that his federal sentence should have been running concurrently with his state term of imprisonment and requesting from the BOP a *nunc pro tunc* designation of the facility in which he had served his state term as the place of his federal confinement. *See Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75-76 (2d Cir. 2005). In accordance with its internal procedures for reviewing such requests, the BOP sent a letter to the district judge who had sentenced Fisher requesting her views on whether a *nunc pro tunc* designation – which would effectively result in Fisher's state and federal sentences having run concurrently – would be appropriate. The BOP's letter did not articulate Fisher's contention that his attorney had failed – despite the substance of the agreement with the Government – to raise the issue of concurrency with the district court at sentencing.

Over the next number of months, the BOP periodically attempted to determine the district court's view on the *nunc pro tunc* designation. Not having heard from the district judge, the BOP considered the several statutory factors it uses to determine the appropriateness of the *nunc pro tunc* designation, *see* 18 U.S.C. § 3621(b), and declined to so designate.

Like the district court below, we find no abuse of discretion in the BOP's weighing of the relevant factors. However, the core of Fisher's habeas petition, filed *pro se*, was the contention

3

that counsel had advised him that his state and federal sentences could run concurrently and that, under the plea agreement, the Government would not object to an application at sentencing to have them run concurrently. Because Fisher's counsel did not, in fact, raise the issue with the sentencing district court, and because this failure may have led to the result that Fisher's state and federal sentences were treated as running consecutively, Fisher's § 2241 petition can fairly be read to present an ineffective assistance of counsel claim.

We have previously held that, in general, a habeas petition under 28 U.S.C. § 2255 is the proper mechanism for mounting a collateral attack on legal defects affecting the district court's imposition of a sentence, *Adams v. United States*, 372 F.3d 132, 134 (2d. Cir 2004); *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997), and a prisoner may use a § 2255 petition to raise claims that counsel was ineffective at sentencing, *see Gonzalez v. United States*, 722 F.3d 118, 135-36 (2d Cir. 2013). We also note that Fisher has already filed an as-yet-unadjudicated § 2255 petition in the Eastern District of New York arguing ineffective assistance of counsel at, and subsequent to, sentencing. Thus, because Fisher's § 2241 petition – the petition at issue here – can be understood to present an ineffective assistance of counsel claim, and because Fisher has already filed a § 2255 petition in the Eastern District of New York, which, as the sentencing court, is the proper venue for adjudication of the § 2255 petition, *see* 28 U.S.C. § 2255(e), we remand this case with instructions for the district court to transfer the matter to the Eastern District of New York.

We further instruct that the district court for the Eastern District of New York construe Fisher's transferred petition as a petition under § 2255 filed as of the date that Fisher's § 2241 petition was filed in the Northern District of New York and to construe Fisher's later-filed § 2255 petition as a motion to amend that earlier habeas petition. *See Ching v. United States*,

4

298 F.3d 174, 176-78 (2d Cir. 2002). We are generally wary of converting a movant's § 2241 petition into a § 2255 petition, but where, as here, the movant already has an outstanding § 2255 petition, such that the conversion of the earlier habeas petition would not further prejudice the movant's ability to bring a future § 2255 petition, that concern is abated. *See Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998).

Finally, we respectfully suggest that, following transfer, the district court for the Eastern District of New York determine whether the interests of justice require that Fisher be appointed counsel. *See* 18 U.S.C. § 3006A(a)(2)(B).

We have considered Fisher's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court in part, and **REMAND** with instructions that the case be transferred to the Eastern District of New York for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5