17-3773-pr
*Talada v. Cole*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of October, two thousand eighteen.

PRESENT:    JOSÉ A. CABRANES,
              ROBERT D. SACK,
                    *Circuit Judges*,
              JOHN G. KOELTL,
                    *District Judge.*[*]

---

CHAD TALADA,

       *Petitioner-Appellant*,             17-3773-pr

       v.

DAVID V. COLE, SHERIFF, STEUBEN COUNTY JAIL,

       *Respondent-Appellee*.

---

[*] Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PETITIONER-APPELLANT:  ANNE M. BURGER, Assistant Federal Public Defender, Federal Public Defender's Office, Western District of New York, Rochester, NY.

FOR RESPONDENT-APPELLEE:  TIFFANY H. LEE, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Rochester, NY.

Appeal from a November 13, 2017 judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Petitioner-Appellant Chad Talada ("Talada") appeals the District Court's judgment denying his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. We affirm the judgment of the District Court; Talada is ineligible for relief under section 2241 because a remedy under the related provision 28 U.S.C. § 2255 would not have been "inadequate or ineffective" within the meaning of that section.

I.

In 2009, the U.S. District Court for the Southern District of West Virginia convicted Talada of one count of failure to register as a sex offender in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250. SORNA as originally enacted in 2006 did not apply to Talada because the statute was not retroactive and Talada had been convicted of an arguably applicable sex offense several years before. But after enactment the Attorney General promulgated a rule that made SORNA apply retroactively, requiring even sex offenders such as Talada, who had been convicted of a sex offense before SORNA became law, to register under the terms of the statute. Talada argued both in the Southern District of West Virginia and on appeal in the Fourth Circuit that the Attorney General had promulgated the retroactivity rule in violation of the Administrative Procedure Act and that his conviction was therefore invalid. Both courts rejected that argument; controlling Fourth Circuit precedent already held that the retroactivity rule did not violate the Administrative Procedure Act. *United States v. Talada*, 631 F. Supp. 2d 797, 812–15 (S.D.W. Va. 2009), *aff'd*, 380 F. App'x 255, 257 (4th Cir. 2010) (citing *United States v. Gould*, 568 F.3d

459 (4th Cir. 2009)). The Supreme Court also denied his petition for certiorari. *Talada v. United States*, 562 U.S. 1111 (2010).

After his direct appeals failed, Talada brought a collateral attack on his conviction seven years later, in 2016. At this point he was in New York and had pleaded guilty in the U.S. District Court for the Western District of New York to a new charge, one count of knowingly receiving child pornography following a prior conviction in violation of 18 U.S.C. §§ 2252(a)(2)(A) and 2252A(b)(1). Talada had not brought a collateral attack on his SORNA conviction within the one-year time limit set by 28 U.S.C. § 2255. But having pleaded guilty to the new charge, and now being in confinement, he instead applied to the Western District of New York for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The District Court denied his application, and Talada now appeals that decision.

II.

We review de novo the denial of an application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004).

Usually a prisoner's only means of collateral attack on a conviction is to file a motion pursuant to 28 U.S.C. § 2255. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). The prisoner may instead apply for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 if and only if "the remedy by motion [pursuant to 28 U.S.C. § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Triestman*, 124 F.3d at 373–74. We have held that the remedy by motion under section 2255 is "inadequate or ineffective" in, at a minimum, any case in which the prisoner is not eligible to file a motion under section 2255 "and in which the failure to allow for collateral review would raise serious constitutional questions." *Triestman*, 124 F.3d at 377.[1]

We conclude that the District Court did not err by denying the writ in the circumstances presented here.

Talada concedes that he is not eligible for relief under section 2255 because he failed to file a motion within the specified one-year time limit. But he argues that relief under section 2255 would have been "inadequate or ineffective" because Fourth Circuit precedent already foreclosed the argument he would have made in a collateral attack—namely, that his conviction is invalid because it

---

[1] For explanation of the history of and differences between applications for writs under section 2241 and applications for writs under section 2255, see *Triestman v. United States*, 124 F.3d 361, 373–74 (2d Cir. 1997).

rested on an interpretation of SORNA that violated the Administrative Procedure Act and was therefore itself invalid. For this reason he argues that he is entitled to a writ under section 2241.

We do not see why section 2255 relief was "inadequate or ineffective" in Talada's case. Talada was certainly able to test the legality of his detention under section 2255. The problem for him was that such testing would have served no purpose, since his detention was in fact legal under the applicable law of the Fourth Circuit. "[T]he remedy afforded by [section] 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision." *Id.* at 376 (quoting *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)). We see no serious constitutional question—including, contrary to Talada's argument in his opening brief, no question under the Suspension Clause of the Constitution—posed by denying him a writ of habeas corpus pursuant to section 2241 under these circumstances.

## CONCLUSION

We have reviewed all of the arguments raised by Talada on appeal and find them to be without merit. We **AFFIRM** the November 13, 2017 judgment of the District Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4