21-2062-pr
*Walton v. Williams*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of August, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> *Circuit Judges*.

_____

JAMES EARL WALTON,

> *Petitioner-Appellant*,

> v.                                                                 21-2062-pr

WARDEN,

> *Respondent-Appellee*.

_____

| | |
|---|---|
| For Petitioner-Appellant: | Todd Bussert, Frost Bussert, LLC, New Haven, CT. |
| For Respondent-Appellee: | David C. Nelson and Sandra S. Glover, Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT. |

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner James Earl Walton ("Walton") appeals from the August 2, 2021 ruling by the United States District Court for the District of Connecticut (Shea, *C.J.*), dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of subject-matter jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*   \*   \*

We review a district court's dismissal of a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, whether on the merits or for lack of subject-matter jurisdiction, *de novo*.   *See Dhinsa v. Krueger*, 917 F.3d 70, 76 (2d Cir. 2019).

A petition under 28 U.S.C. § 2241 is usually the proper means to challenge the execution of a sentence, whereas a motion under 28 U.S.C. § 2255 is the proper means to challenge the imposition of a federal conviction and sentence.   *Adams v. United States*, 372 F.3d 132, 134–35 (2d Cir. 2004).   As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255(h) requires that "second or successive" § 2255 motions be certified by a panel of the appropriate court of appeals to contain either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."   28 U.S.C. § 2255(h).

Section 2255 also contains a "saving clause," which provides that a person may bring a petition under § 2241 if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." *Id.* § 2255(e). The Supreme Court recently explained that the saving clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Jones v. Hendrix*, 143 S. Ct. 1857, 1868 (2023). The saving clause does not, however, permit "an end-run around" the "two—and only two—conditions in which a second or successive § 2255 motion may proceed" as described in § 2255(h). *Id.* "The inability of a prisoner with a statutory claim to satisfy [the] conditions [of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id.* at 1869.

Walton filed the instant petition pursuant to § 2241, attacking his sentence as based on his erroneous designation as a career offender—a designation that was rendered erroneous, he asserted, in a subsequent Fourth Circuit decision.[1] But because Walton seeks to attack the *imposition* of his sentence, the proper avenue for this claim is a § 2255 motion, which Walton has previously pursued. Any such § 2255 motion would thus be "second or successive," but Walton's claim, which is based on a purported Guidelines error, is not subject to either of § 2255(h)'s exceptions to the "second or successive motion" bar: namely, Walton's claim is based

---

[1] Specifically, in 2008, Walton was sentenced as a career offender under § 4B1.1(a) of the United States Sentencing Guidelines (the "Guidelines") based on two prior convictions, including a North Carolina state conviction. The Fourth Circuit later clarified when a North Carolina state conviction qualifies as a predicate felony offense for purposes of certain federal sentencing schemes, and Walton's prior state conviction thus no longer qualifies, in the Fourth Circuit, as a predicate felony offense under § 4B1.1(a). *See United States v. Simmons*, 649 F.3d 237, 243–45 (4th Cir. 2011) (en banc); *see also Miller v. United States*, 735 F.3d 141, 147 (4th Cir. 2013) (holding that *Simmons* announced a new substantive rule that is retroactive on collateral review).

on neither (1) "newly discovered evidence" nor (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h). Nor does Walton suggest that "unusual circumstances" render it "impossible or impracticable for [him] to seek relief from the sentencing court," so the saving clause does not permit Walton to pursue a § 2241 petition. *Jones*, 143 S. Ct. at 1866. We therefore conclude that the district court properly dismissed the petition for lack of jurisdiction.

*    *    *

We have considered Walton's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4